UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PAUL MESEROLE, BRIAN MILLER,
LAWRENCE MONROE, RHONDA
PLOUBIS, ALAN STREHOLSKI,
JUANITA SEIDL and WILLIAM MEAD,
On behalf of themselves and all others
similarly situated,

                                           08 Cv. 8987 (RPP)

                   Plaintiffs,

                                    **OPINION AND ORDER**

        -against -

SONY CORPORATION OF AMERICA, INC.
SONG ELECTRONICS, INC., sand SONY
CORP.,

                   Defendants.
-------------------------------------------------------X
**ROBERT P. PATTERSON, JR., U.S.D.J.**

      In a class action complaint filed on October 20, 2008, and amended on December

5, 2008 (the "Complaint"), Plaintiffs Paul Meserole, Brian Miller, Lawrence Monroe,

Rhonda Ploubis, Alan Streholski, Juanita Seidl and William Mead (collectively referred

to as "Plaintiffs"), commenced this action against Defendants Sony Corporation of

America, Inc., Sony Electronics, Inc., and Sony Corporation (collectively referred to as

"Sony" or "Defendants"), alleging state and federal breach of warranty and consumer

protection law claims related to an inherent defect in the "Optical Block" present in Sony

Grand WEGA SXRD Rear Projection HDTV Televisions. [1]

      On January 16, 2009, Defendants filed a motion to dismiss the Complaint

---

[1] Subsequent to the filing of the Complaint in this action, four other complaints were filed with this Court
asserting substantially identical claims and involving common questions of law and fact.  (See Ouellette v.
Sony, 09-CV-1939 (RPP); Webber v. Sony, 09-CV-2557 (RPP); Raymo v. Sony, 09-CV-2820 (RPP);
Cruisinberry v. Sony, 09-CV-3461 (RPP)).  On April 9, 2009, this Court stayed further action in the
aforementioned cases.

pursuant to Fed. R. Civ. P. 12(b)(6) ("First Motion to Dismiss"), which this Court granted on May 18, 2009.  See Meserole v. Sony Corporation of America, 2009 U.S. Dist. LEXIS 42772 (S.D.N.Y. 2009).  In the opinion, this Court granted Plaintiffs "thirty days leave to replead their claims."  Id. at *34.  On June 3, 2009, Plaintiffs filed a motion for reconsideration of this Court's order of dismissal, and on June 17, 2009, Plaintiffs filed a Second Amended Complaint.[2]  Defendants filed a brief in opposition to Plaintiff's motion for reconsideration on June 22, 2009, and on July 2, 2009, Defendants filed a motion to dismiss Plaintiffs' Second Amended Complaint.

Plaintiffs' motion for reconsideration is denied as moot.  By filing a Second Amended Complaint, Plaintiffs have supplanted the Complaint, thereby rendering any motion for reconsideration advisory.[3]  See, e.g., Mintz v. Baron, 2009 U.S. Dist. LEXIS 22636, 1 (S.D.N.Y. 2009) (finding Plaintiffs' amended complaint rendered moot a motion for reconsideration); Powell v. Smith, 2009 WL 1810770, 1 (E.D. Cal. 2009) (denying a motion for reconsideration as moot subsequent to filing of amended complaint).  Indeed, if this Court were to grant Plaintiffs' motion for reconsideration, the effect would be that Plaintiffs would have two complaints pending in the same action. This simply cannot be.  See International Controls Corp. v. Vesco, 556 F.2d 665, 669 (2d Cir. 1977) (citing Miller v. American Export Lines, 313 F.2d 218 (2d Cir. 1963) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders

_____

[2] Prior to filing their Second Amended Complaint, Plaintiffs never asked that this Court grant them additional time to amend their pleadings subsequent to the Court's decision on their motion for reconsideration.

[3] Indeed, in their memorandum of law in support of their motion for reconsideration, Plaintiffs appear to acknowledge that any decision by this Court on their motion would be simply advisory.  (Def. Br. at 2.) ("As such, while plaintiffs intend to file an amended Complaint to address the Court's decision granting dismissal, the Order warrants immediate reconsideration to the extent it allows federal pleading procedure to substantially curtail Plaintiffs' state law claims by eroding the significant and substantive law difference between common law fraud and" California statutory law.)

it of no legal effect"); Diesel Props SRL v. Greystone Bus, 2008 U.S. Dist. LEXIS 92988, \*16 (S.D.N.Y. 2008) (plaintiff's amended pleadings supersede plaintiff's original pleadings); see also Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) ("Because a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses.")

Accordingly, Plaintiffs' Motion for Reconsideration is DENIED as moot. To the extent that any of the legal issues raised by the parties in their memoranda of law related to the motion for reconsideration arise in connection with Defendants' motion to dismiss the Second Amended Complaint, the parties are free to incorporate such arguments into their briefs in support or opposition to the motion.

IT IS SO ORDERED.

Dated: New York, New York
July $\mathcal{F}$, 2009

Robert P. Patterson, Jr.
U.S.D.J.

3

Copies of this Opinion and Order faxed to:

Attorney for Plaintiff
Leigh Smith
Milberg LLP
One Pennsylvania Plaza, 50th Floor
New York, NY 10119
Fax: 212-868-1229

Attorneys for Defendant
Richard Werder, Jr.
Quinn Emanuel LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Fax: 212 849 7100